# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Enola Contracting Services, Inc. ) ASBCA No. 59526
)
Under Contract No. W91247-11-D-0007 )

APPEARANCE FOR THE APPELLANT: Mr. Allen Clark
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Jamal A. Rhinehardt, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### INTRODUCTION

The Department of the Army (government) contracted with appellant, Enola Contracting Services, Inc. (Enola), including for the maintenance and repair of real property at Army installations in Georgia. The government terminated a number of task orders issued pursuant to the contract, and Enola appealed. Enola contends that the government's complaint[1] in this appeal does not state facts sufficient to constitute a cause of action against Enola with respect to six of the terminated task orders, and requests judgment on the pleadings in its favor with respect to those six task orders.[2] We deny the motion.

### DECISION

Enola's motion for partial judgment on the pleadings requests judgment that the termination of Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173 was wrongful. In reviewing a motion for judgment on the pleadings, we must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the complainant. *See Kolin Construction, Tourism, Industry and Trading Co.*, ASBCA

---

[1] As a termination for cause is a government claim, the government filed the complaint.

[2] Appellant's motion for partial judgment on the pleadings was filed by and briefed by counsel. Counsel withdrew on 24 April 2015 and advised the Board to communicate with Mr. Allen Clark.

Nos. 56941, 57066, 11-1 BCA ¶ 34,670 at 170,796. To state a claim, the complaint must allege facts plausibly suggesting a showing of entitlement to relief. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* This does not require the complainant to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face. *Id.*

The government contends that Enola anticipatorily repudiated Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173, justifying their termination for default. The government may terminate a contract when the contractor has anticipatorily repudiated the contract. *Scott Aviation*, ASBCA No. 40776, 91-3 BCA ¶ 24,123 at 120,726. To demonstrate anticipatory repudiation, the government must prove that the contractor manifested to it a definite and unequivocal intention not to render the required performance. *Id.*

Here, as the complaint alleges, we presume (without finding) the following. On 25 March 2011, the government entered into an indefinite delivery, indefinite quantity contract with Enola, including for maintenance and repair of real property at Fort Stewart and Hunter Army Airfield, in Georgia (compl. ¶ 11). Among the task orders the government issued pursuant to the contract were Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173 (*id.* ¶ 7). Enola failed to proceed with the work in accordance with the contracting officer's direction, failed to give adequate assurance that projects would be timely completed, expressed through words and conduct the intention not to complete the work on time, and specifically stated that it would "not be coming back to any of the jobsites and doing anymore [sic] work" (*id.* ¶ 40). On 10 June 2014, the government issued Modification No. P00003, terminating for default 16 task orders, including Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173 (*id.* ¶ 33).

Based upon the foregoing, we agree with the government that the complaint states a claim for relief, above the speculative level, that Enola anticipatorily repudiated Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173, justifying their termination for default. Specifically, the allegation that Enola stated that it would not be coming back to any of the jobsites or be doing any more work, which we must presume to be true in reviewing Enola's motion, manifested a definite and unequivocal intention not to render required performance. It is not dispositive that, as Enola points out (app. mot. at 4), the complaint does not allege task-order specific facts concerning the performance of Task Order Nos. 0139, 0164, 0165, 0166, 0167, or 0173. (Indeed, although the complaint quotes documents that address the performance of specific task orders (compl. ¶¶ 12-26), the complaint itself alleges task-order specific facts regarding the performance of only Task Order Nos. 0145, 0159, and 0160 (*id.* ¶¶ 22, 24, 25)). Consistent with the standard of review of a motion for judgment on the pleadings, we draw the reasonable inference that when Enola stated that it would not

2

be returning to any of the jobsites or be doing any more work (*id.* ¶ 40), it meant that with respect to all of the task orders referenced in the complaint, including Task Order Nos. 0139, 0164, 0165, 0166, 0167, and 0173. Of course, we have not found any facts concerning the performance of any of the task orders at issue in the appeal; that is for another day.

## CONCLUSION

For these reasons, the motion for partial judgment on the pleadings is denied.

Dated: 8 July 2015

<br>

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59526, Appeal of Enola Contracting Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3